# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: January 4, 2018

```
* * * * * * * * * * * * * * * * * * * * * * *
REBECCA DERITIS,                *    No. 17-772V
                                *
        Petitioner,             *    Special Master Sanders
                                *
v.                              *    Dismissal; Insufficient Proof; Measles,
                                *    Mumps, and Rubella ("MMR") Vaccine;
SECRETARY OF HEALTH             *    Periodic Fever, Aphthous Stomatitis,
AND HUMAN SERVICES,             *    Pharyngitis, and Cervical Adenitis
                                *    ("PFAPA") Syndrome.
        Respondent.             *
* * * * * * * * * * * * * * * * * * * * * * *
```

John F. McHugh, Law Office of John McHugh, New York, NY, for Petitioner.
Heather L. Pearlman, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On June 12 10, 2017, Rebecca DeRitis ("Petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program ("Vaccine Program").[2] 42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioner alleged that her son, B.D., suffered from Periodic Fever, Aphthous Stomatitis, Pharyngitis, and Cervical Adenitis ("PFAPA") syndrome as a result of a Measles, Mumps, and Rubella ("MMR") vaccination he received on February 20, 2014. Pet., ECF No. 1. The information in the record, however, does not show entitlement to an award under the Program.

On January 4, 2018, Petitioner moved for a decision dismissing the petition. Mot. Decision, ECF No. 17. In her motion, Petitioner conceded that "[a]n investigation of the facts and science supporting [her] case has demonstrated to [P]etitioner that[,] based upon what

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

science has discovered to date, she will be unable to prove that her child is entitled to compensation in the Vaccine Injury Compensation Program." *Id.* at 1. Respondent did not object to Petitioner's motion. Informal Comm., dated Jan. 4, 2018. Petitioner's counsel further averred that he "has no intention of seeking costs or fees" for this petition. Mot. Decision at 2.

To receive compensation under the Program, Petitioner must prove either (1) that B.D. suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or (2) that B.D. suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A), 11(c)(1). An examination of the record did not uncover any evidence that B.D. suffered a "Table Injury." Further, the record does not contain persuasive evidence that B.D.'s alleged injury was caused by the MMR vaccine.

Under the Act, petitioners may not be given a Program award based solely on their claims alone. Rather, the petition must be supported by medical records or the opinion of a competent physician. § 13(a)(1). In this case, the medical records are insufficient to prove Petitioner's claim, and Petitioner has not filed a supportive opinion from an expert witness. Therefore, this case must be **dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

                                                                              s/Herbrina D. Sanders
                                                                              Herbrina D. Sanders
                                                                              Special Master